**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SYNTEK CAPITAL, AG and SYNTEK
CAPITAL BETEILIGUNGS GMBH,

                                        Plaintiffs,

              v.                                                    No. 05-CV-180
                                                                      (GLS/DRH)
EDWARD J. WELCH and KIMBERLY A.
FAIRBANKS, as Personal Representative of
the Estate of Gregory K. Fairbanks, Deceased,

                                        Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

GRANT & EISENHOFER P.A.                 JAMES R. BANKO, ESQ.
Attorney for Plaintiffs                 JAMES J. SABELLA, ESQ.
Chase Manhattan Center
1201 North Market Street
Wilmington, Delaware 19801

WILSON, ELSER, MOSKOWITZ,               PHILIP ROSENBERG, ESQ.
     EDELMAN & DICKER LLP               PETER A. LAURICELLA, ESQ.
Attorney for Defendants
677 Broadway
Ninth Floor
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

        Presently pending is the motion of defendants Edward J. Welch and Kimberly A.

Fairbanks, as personal representative of the estate of Gregory K. Fairbanks, deceased

("defendants"), for an order pursuant to Fed. R. Civ. P. 14(a) for leave to commence a third-

party action against six putative third-party defendants.  Docket No. 35.  Plaintiffs Syntek

Capital, AG and Syntek Capital Deteiligungs GmbH ("Syntek") oppose the motion.  Docket

No. 37.  For the reasons which follow, defendants' motion is granted.

## I. Background

Syntek, an investment company based in Germany, alleges in its complaint filed February 10, 2005 that defendants fraudulently induced Syntek to invest $10 million in C2 Media, L.L.C. ("C2"), where defendants were senior officers.  Compl. (Docket No. 1).  The complaint alleges that defendants made misrepresentations to Syntek in financial statements, budgets, and elsewhere.  A Uniform Pretrial Scheduling Order (UPSO) was entered on June 15, 2005 which, inter alia, established September 15, 2005 as the deadline for joinder of parties.  Docket No. 21 at ¶ 4.  By letter dated December 21, 2005, defendants requested a conference with the Court pursuant to N.D.N.Y.L.R. 7.1(b)(2) to request leave to file the instant motion.  Docket No. 30.  The conference was held and such leave was granted.  Docket No. 34.  This motion followed.

## II. Discussion

Defendants seek leave to file a third-party complaint against C2; Sam Humphreys (Humphreys") and Amnon Bar-Tur ("Bar-Tur"), alleged to be shareholders and directors of C2 involved in the Syntek investment; and David Manning ("Manning"), Corey L. Massella ("Massella"), and Goldstein Golub Kessler LLP ("Goldstein Golub"), alleged to have been retained to review and report on C2's financial condition.  Proposed Third-Party Compl. (Docket No. 35, Ex. E).   Rule 14(a) governs third-party practice in federal court and states in pertinent part:

2

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

To assert a third-party claim under Rule 14(a), the third party's liability must be dependent on the outcome of the main claim or the third party must be potentially liable as a contributor to the defendant. Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir.2001).  Thus, impleader may be utilized only when the third-party complaint necessarily depends upon the merits of the main claim against the defendant. Id. at 438. Here, it is clear that the claims sought to be asserted by defendants derive from and are secondary to Syntek's claims and that defendants have, therefore, satisfied this requirement.

However, a court must also consider other factors on a motion under Rule 14(a).

> Relevant factors in determining whether to grant leave to implead include: (I) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted.

Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y.2004). "The underlying principle behind impleader is to promote  judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions." Id. (citation omitted).  "The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion." Id.

3

**A. Delay in Filing Motion**

Defendants filed their answer in this case on May 18, 2005 (Docket No. 16), a

scheduling conference was held on June 15, 2005 (Docket No. 20), the UPSO established

September 15, 2005 as the deadline for joinder of parties (Docket No. 21), and defendants

first sought leave to implead on December 21, 2005 (Docket No. 30).  There is no indication

in the record that defendants' delay was deliberate or derelict.  The three-month delay

beyond the UPSO deadline, however, requires defendants to demonstrate good cause for

that delay.  See Fed. R. Civ. P. 16(b) ("[a] schedule shall not be modified except upon a

showing of good cause. . . ."); see also N.D.N.Y.L.R. 16.1(f) ("Deadlines ... shall be strictly

enforced and shall not be modified by the Court, even upon stipulation of the parties, except

upon a showing of good cause."); UPSO at ¶ 1 (same); Carnrite v. Granada Hosp. Group,

Inc., 175 F.R.D. 439, 448 (W.D.N.Y.1997) (Rule 16(b) rather than Rule 6(b) governs

motions to extend scheduling deadlines).

"'[G]ood cause' requires a greater showing than 'excusable neglect.'" ' Broitman v.

Kirkland, 86 F.3d 172, 175 (10th Cir.1996). At a minimum, good cause requires a showing

by the moving party of an objectively sufficient reason for extending a deadline such that

"the deadlines cannot reasonably be  met despite the diligence of the party needing the

extension." Robinson v. Town of Colonie, No. 91-CV-1355, 1993 WL 191166, at *3

(N.D.N.Y. June 3, 1993) (McCurn, J.); see also Julian v. Equifax Check Servs., Inc., 178

F.R.D. 10, 16 (D. Conn. 1998); Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D.

295, 301 (D. Kan. 1996). The inquiry focuses on the moving party's reason for requesting

the extension. Julian.  178 F.R.D. at 16.  The mistake or inadvertence of counsel will not

4

support a finding of good cause. See Broitman, 86 F.3d at 175; Lory v. General Elec. Co., 179 F.R D. 86, 88 (N.D.N.Y. 1998); Carnrite, 175 F.R.D. at 448.

Defendants offer several reasons for the delay.  First, defendants assert that confusion over which of two insurance companies were responsible for the period of time in question continued until December 6, 2005, impeding defendants moving forward with the defense of this action.  Rosenberg Affirm. (Docket No. 35) at ¶ 11.  Second, as to Humphreys, Massella, and Goldstein Golub, defendants contend that they lacked sufficient grounds to assert a third-party claim against them until defendants received Syntek's responses to interrogatories, which occurred shortly before defendants initiated proceedings for this motion.  Id. at ¶ 13; Rosenberg Reply Decl. (Docket No. 43) at ¶ 3). The first of these reasons marginally suffices to establish good cause as it was not unreasonable for defendants to seek resolution or clarification of the insurance issue, which they did without unreasonable delay, before proceeding to add additional parties.  Further, as to the three accounting firm putative third-party defendants, awaiting receipt and review of Syntek's interrogatory responses to confirm the basis for commencing an action against those putative parties was also reasonable even if, as Syntek alleges, defendants already possessed knowledge of those putative parties' alleged involvement.  See Banko Decl. (Docket No. 37) at ¶ 11.[1]

Accordingly, defendants' three-month delay in bringing this motion was neither

_____

[1]Defendants further contend that personnel matters, including the departure from defendants' law firm of an attorney assigned to defend this action, provides additional good cause.  Rosenberg Affirm. at ¶ 12.  However, given the size of defendants' law firm and the fact that such personnel changes occur periodically, this fact adds little to defendants' claim of good cause.

5

deliberate nor derelict, and good cause exists for that delay and for extending the deadline for joinder of parties.

## B. Undue Delay or Complication

Without question, the addition of six third-party defendants to this action would delay and complicate the trial.  However, discovery has not yet proceeded to depositions, the six putative third-party defendants were already likely to be deposed in this case, and, therefore, any delay caused by their addition to the case would not be unreasonably long, would certainly consume less time than would be required if defendants were left to proceed in a separate action against those parties, and would not unduly prejudice Syntek. Moreover, the issues raised by the addition of these parties already exist in the case and there is little likelihood that the formal addition of these parties will unduly complicate the proceedings here.

## C. Prejudice to Third-Party Defendants

Given the preliminary state of discovery in this case, the putative third-party defendants would suffer no prejudice if defendants' motion is granted.  No depositions have yet occurred.  The putative third-party defendants would be able to review the responses to interrogatories and document demands already completed, serve their own discovery demands, and participate fully in depositions from the start.  No witnesses will need to be re-deposed.  Accordingly, there would be no prejudice to the putative third-party defendants if the motion is granted.

### D. Sufficiency of Third-Party Complaint

In the proposed third-party complaint, defendants assert six claims against the six putative third-party defendants, all for contribution and indemnity.  Syntek contends that these claims fail to state claims upon which relief can be granted.  The Rule 14(a) requirement that the third-party complaint must state a claim upon which relief can be granted incorporates the precise language for dismissal of a claim under Rule 12(b)(6).  Under that rule, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the [plaintiff]." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  A claim is insufficient only if it appears that the moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Syntek contends first that the claims against C2 are insufficient because C2 was discharged in a bankruptcy proceeding in 2004 which bars the claims here.  Syntek Mem. of Law (Docket No. 37) at 12-14.  However, discharge in bankruptcy is an affirmative defense which my be raised in an answer.  See Fed. R. Civ. P. 8(c).  This requires consideration of factual matters beyond the proposed third-party complaint and, therefore, the alleged discharge in bankruptcy of C2 and whether it includes the claims sought to be asserted here cannot be considered on this motion.  Syntek's argument on this ground must, therefore, be rejected.

Syntek next contends that defendants cannot obtain indemnification from any putative third-party defendant on a common law theory because such allegations constitute an affirmative defense to Syntek's claims but afford no basis for indemnification.  Syntek Mem. of Law at 14-17.  However, the allegations of the proposed third-party complaint

7

suffice to state a claim for indemnification and contribution.  Whether the evidence supports such claims remains to be determined on a full record.

Next, Syntek contends that defendants' claims are futile because Humphreys and Bar-Tur were agents of Syntek to which their conduct would be imputed.  Syntek Mem. of Law at 17-18.  However, viewing the proposed third-party complaint in the light most favorable to defendants, the proposed third-party complaint alleges that at the relevant times, Humphreys and Bar-Tur acted as the fiduciaries of defendants, not Syntek.  These allegations suffice to state a claim and leave for a fuller record the issues of the relationships of Humphreys and Bar-Tur to the other parties in the case.  Likewise, Syntek contends that because defendants' claims against the accounting firms sound only in contract, they are insufficient.  However, those claims allege negligence and professional malpractice and, on their face, are sufficient.

## III. Conclusion

The factors which must be considered on this motion weigh overwhelmingly in favor of granting defendants' motion.  Moreover, the purposes of Rule 14(a) are clearly served by granting this motion as it will facilitate a resolution of the factual and legal issues engaging the parties and putative third-party defendants in a single proceeding with attendant economies of time and expense for the parties and the Court.  Accordingly, for the reasons stated above, it is hereby

8

**ORDERED** that defendants' motion for leave to commence a third-party action

(Docket No. 35) is **GRANTED** in its entirety, and defendants shall file the proposed third-

party complaint on or before **February 24, 2006**.


**IT IS SO ORDERED.**


DATED:  February 16, 2006
         Albany, New York

_____
United States Magistrate Judge