**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

SYNTEK CAPITAL, AG and SYNTEK
CAPITAL BETEILIGUNGS GMBH,

                       Plaintiffs,

    v.                                          No. 05-CV-180
                                                     (GLS/DRH)

EDWARD J. WELCH and KIMBERLY A.
FAIRBANKS, as Personal Representative of
the Estate of Gregory K. Fairbanks, Deceased,

  Defendants and Third-Party Plaintiffs,

    v.

AMNON BAR-TUR; C2 MEDIA LLC;
GOLDSTEIN GOLUB KESSLER LLP; SAM
HUMPHREYS; DAVID MANNING; and
COREY MASSELLA,

                  Third-Party Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GRANT & EISENHOFER P.A.<br>Attorney for Plaintiffs<br>Chase Manhattan Center<br>1201 North Market Street<br>Wilmington, Delaware 19801 | JAMES R. BANKO, ESQ.<br>JAMES J. SABELLA, ESQ. |
| WILSON, ELSER, MOSKOWITZ,<br>   EDELMAN & DICKER LLP<br>Attorney for Defendants<br>677 Broadway<br>Ninth Floor<br>Albany, New York 12207 | PHILIP ROSENBERG, ESQ.<br>PETER A. LAURICELLA, ESQ. |

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

Presently pending is the motion of plaintiffs Syntek Capital, AG and Syntek Capital Beteiligungs GmbH (collectively "Syntek") for sanctions against defendants Edward J. Welch and Kimberly A. Fairbanks, as personal representative of the estate of Gregory K. Fairbanks, deceased (collectively "defendants").  Docket No. 40. Defendants oppose the motion.  Docket No. 48, 49.  For the reasons which follow, Syntek's motion is denied.

**I. Background**

Syntek, an investment company based in Germany, alleges in its complaint filed February 10, 2005 that defendants fraudulently induced Syntek to invest $10 million in C2 Media, L.L.C. ("C2"), for which defendants were senior officers.  Compl. (Docket No. 1). The complaint alleges that defendants made misrepresentations to Syntek in financial statements, budgets, and meetings.  At a conference on June 15, 2005 held pursuant to Fed. R. Civ. P. 16, both Syntek and defendants agreed that an early settlement conference would be useful and such a conference was scheduled for August 16, 2005.  Settlement Conf. Order (Docket No. 22) ("Order").  The first two paragraphs of the Order provided in pertinent part as follows:

> All parties and their lead counsel are hereby **ORDERED TO APPEAR BEFORE THE UNDERSIGNED** . . . .  An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. . . .
>
> Settlement conferences are greatly facilitated when the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  **Accordingly, before arriving at the settlement**

> **conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

Id. at 1 (emphasis and capitalization in original). The conference was later adjourned to September 20, 2005. Docket No. 24.

The February 2005 complaint alleges claims arising from events occurring in 2000 and 2001. Compl. at ¶¶ 11-18. Defendants were insured for claims such as Syntek's filed from August 31, 2001 to August 13, 2002 by a policy issued by Chubb & Son Insurance Co., a division of Federal Insurance Co. ("Federal"). Banko Decl. (Docket No. 40) at ¶¶ 8, 10 & Ex. D. Syntek made a claim under this policy to Federal on August 12, 2002. Id. at ¶ 10 & Ex. F. Defendants obtained insurance from Platte River Insurance Co. ("Platte") for claims filed from August 31, 2004 to August 13, 2005. Lauricella Decl. (Docket No. 48) at Ex. E. In June and August, 2005, Syntek gave notice to defendants in its disclosures pursuant to Fed. R. Civ. P. 26(a) that it had made a timely claim to Federal under the Federal policy. Banko Decl. at ¶¶ 8, 10 & Exs. D, F.

On September 20, 2005, Syntek appeared at the settlement conference through two trial attorneys and two corporate representatives. Defendant Welch was personally present with his trial attorney and William A. Roy, a Senior Claims Analyst for Darwin Professional Underwriters, Inc., the claims manager for Platte. Roy Aff. (Docket No. 49) at ¶ 1. Defendants had notified Platte of Syntek's claim within the Platte policy period after Syntek notified defendants of the impending action and Platte then agreed to provide defendants with a defense while reserving its rights to disclaim coverage. Lauricella Decl. at Ex. E.   No

3

representative of Federal was present at the conference and defendants confirmed during the conference that they had not then asserted any claim for coverage under the Federal policy.

At the outset of the conference, Syntek demanded the entire $10 million demanded in the complaint to settle the case and defendants declined to make any counteroffer against this demand. In private conferences with the undersigned, both sides indicated a willingness to modify their respective settlement positions, but the two sides nevertheless remained separated by multiple millions. Discussions then turned to defendants' insurance coverage. Notwithstanding Syntek's prior Rule 26 disclosure of its timely claim under the Federal policy, both defendants' counsel[1] and Roy professed ignorance of Federal's potential responsibility. The conference ended without settlement. Thereafter, Platte disclaimed defense and coverage under its policy and Federal agreed to provide a defense to defendants while reserving its rights to disclaim coverage. Lauricella Decl. at ¶¶ 11, 12 & Exs. D, E. This motion followed.

## II. Discussion

Syntek seeks sanctions against defendants on the ground that defendants violated the Order by failing to obtain the attendance at the conference of a representative of Federal. As a sanction, Syntek seeks an order compelling defendants and their counsel to compensate Syntek for the attorneys' fees and costs incurred in attending the conference.

---

[1] The attorney representing defendants prior to and at the conference has since left the employment of defendants' law firm, which has designated new counsel to represent defendants. See Notice of Appearance filed Feb. 22, 2006 (Docket No. 46.

4

Syntek calculates such fees and costs as $13,300.00 for the attorneys' fees of the two attorneys who attended the conference for Syntek plus the travel costs of the four attendees totaling $4,628.67, for a total of $17,928.67. Banko Decl. at ¶ 17. Syntek also seeks reimbursement of fees and costs incurred in the making of the instant motion in an amount to be determined. Syntek Mem. of Law (Docket No. 40) at 10. Defendants oppose Syntek's motion on the grounds that they acted in good faith, Syntek violated the Order by failing to make a settlement demand prior to the conference, and the amount of fees and costs sought by Syntek is excessive.

While parties cannot be compelled to settle a case, a court is authorized to conduct settlement conferences and to compel the parties and their counsel to attend the conferences and to participate in negotiations in good faith. See Fed. R. Civ. P. 16(a)(5); see also G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). Under Rule 16(f), a party's failure to comply with a pretrial order, such as a settlement conference order, may lead to the imposition of sanctions

> as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Thus, if noncompliance with a settlement conference order is demonstrated, an award of attorneys' fees and costs is mandated unless the noncompliance was "substantially justified" or such an award would be "unjust."

Here, as now appears undisputed, the proper insurer to attend the conference was

Federal, not Platte, as the first claim was asserted to Federal by Syntek during the period of coverage of the policy issued by Federal. Thus, defendants' participation in the settlement conference with a representative of Platte, not Federal, constituted a failure to have their insurer present at the conference as required by the Order. Defendants contend first, however, that their failure to obtain the presence of a Federal representative was substantially justified. It appeared from the conference that neither defendants' counsel nor Platte's representative had actual knowledge of Syntek's prior, timely claim under the Federal policy. It also appears, however, that at least defendants' counsel should have known of the claim against the Federal policy from Syntek's Rule 26 disclosures but either failed to recognize the significance of the letter containing Syntek's 2002 claim or did not read it prior to the settlement conference. In either event, defendants' counsel was unquestionably on notice of the Federal policy and its likely applicability to Syntek's claim.

The question presented, therefore, is whether the failure of defendants' counsel to take note of and act on the notice of the Federal policy prior to the settlement conference was substantially justified. In the circumstances presented here, this mistake by defendants' counsel was not justified. The fact that Platte's representative was similarly mistaken affords little support where there is no showing that Platte received any notice prior to the settlement conference as defendants' counsel had in Syntek's Rule 26 disclosures. Thus, defendants' counsel was not substantially justified in failing to obtain the presence of the proper insurer at the settlement conference as required by the Order.

Defendants next contend that for several reasons, it would be unjust to award fees and costs here. First, defendants contend that they acted in good faith in producing a representative of Platte rather than of Federal at the conference. As discussed supra, a

6

representative of Federal was the proper insurance representative at the conference and defendants' counsel was on notice of this fact prior thereto.  However, while defendants' counsel may have been negligent in failing to identify the proper insurer prior to the conference, there is no indication that the conduct of defendants' counsel in this regard was malicious or in bad faith.  Rather, it appears that producing the wrong insurer at the conference resulted from confusion, a confusion shared at least by Platte's representative, who appeared at the conference and was authorized to pay a substantial albeit insufficient amount to the settle the case.  Such negligence and confusion rather than malice and bad faith mitigates the responsibility of defendants and their counsel for what occurred.

Defendants further contend that Syntek also violated the Order when it failed to negotiate in good faith prior to the conference.  The order required that the parties make "specific" proposals and counter proposals for settlement before arriving at the conference.  Order at 1.  Prior to and at the outset of the conference itself, Syntek simply demanded that defendants pay the full $10 million demanded in the complaint while inviting a settlement offer from defendants.  Such a demand for the full measure of the relief sought in the complaint fails to satisfy the requirement of the order for good faith negotiations prior to the conference.  Accordingly, Syntek also violated the Order in this regard by failing to make a reasonable, good faith settlement demand prior to the conference.

Finally, defendants contend that the absence of Federal from the conference did not affect the outcome of the conference.  As defendants point out, Platte appeared at the conference with the authority to negotiate a settlement.  In fact, Platte indicated a willingness to at the conference to pay a significant figure, although that figure was still substantially less than the minimum figure Syntek would consider.  Moreover, it appeared

from the conference that the credibility of witnesses will be central to the resolution of the claims in this case given the allegations of misrepresentations by defendants. The parties assert conflicting views of what occurred at critical meetings and the bases for assertions in certain documents. It appeared to the undersigned at the conference that these unresolved, conflicting views of the facts, maintained in good faith by both sides, constituted a greater impediment to settlement than did the absence of Federal from the conference.[2]

In the circumstances of this case, then, the imposition of fees and costs on defendants or their counsel would be unjust where defendants' conduct was not malicious or in bad faith, where Syntek itself failed to comply with the Order in a material respect, and where another factor other than the conduct of defendants' counsel was an independent and more direct cause for the failure of the conference to achieve settlement.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Syntek's motion for sanctions (Docket No. 40) is **DENIED**.

**IT IS SO ORDERED.**

*David R. Homer*
United States Magistrate Judge

DATED: April 7, 2006
        Albany, New York

---

[2]The conference was held prior to any depositions being conducted. Thus, the parties had not yet had the benefit of assessing the credibility of the conflicting testimony.

8