UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SYNTEK CAPITAL, AG and SYNTEK CAPITAL
BETEILIGUNGS GmbH,

      Plaintiff    **ANSWER**

 -against-        Case No.: 1:05-CV-180
             (GLS/DRH)

EDWARD J. WELCH and KIMBERLY A.
FAIRBANKS, as Personal Representative of
THE ESTATE OF GREGORY K. FAIRBANKS,
Deceased,

      Defendants

---

EDWARD J. WELCH and KIMBERLY A.
FAIRBANKS, as Personal Representative of
THE ESTATE OF GREGORY K. FAIRBANKS,
Deceased,

      Third-Party Plaintiffs,

 -against-

SAM HUMPHREYS, AMNON BAR-TUR, C2 MEDIA LLC,
DAVID MANNING, COREY L. MASSELLA, and
GOLDSTEIN GOLUB KESSLER, LLP,

      Third-Party Defendants

---

  Third-Party Defendant, COREY L. MASSELLA, as and for an Answer to the Third-Party Complaint states as follows:

  FIRST: Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "10", "11", "12", "13", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "43", "44", "45", "46", "47", "48", "50", "51", "52", "53", "54", "56", "57", "58", "59", "60", "61", "62", "63", "64",

"65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "87", "88", "89", "90", "91", "92", "93", and "94" of the Complaint and therefore denies same.

SECOND: Admits the allegations contained in paragraphs "9" and "78" of the Complaint.

THIRD: Denies the allegations contained in paragraphs "81", "83", "84" and "85" of the Complaint.

FOURTH: Denies the allegations contained in paragraphs "14", "42", "49", "55", "77" and "86" of the Complaint whereby it seeks to reaffirm and reallege paragraphs heretofore denied FIFTH:

Denies the allegations contained in paragraph "79" of the Complaint except to admit that third-party defendant, Corey Massella provided services in accordance with the terms of an engagement letter dated February 8, 2001, a copy of which is attached hereto as Exhibit "A" and further deny that third-party defendant Corey Massella was not evaluating whethr the Investment in CZ was a sound investment.

SIXTH: Denies the allegations contained in paragraph "80" of the Complaint Corey Massella provided services in accordance with the terms of an engagement letter dated February 8, 2001.

SEVENTH: Denies the allegations contained in paragraph "82" of the Complaint and specifically deny that third-party defendant Corey Massella performed an audit.

EIGHTH: Denies each and every allegation in said Complaint not otherwise specifically admitted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINTH: Third-Party Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TENTH: That the plaintiff's causes of action are barred by the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ELEVENTH: Whatever injuries third-party plaintiff may have sustained at the time and place alleged in the third-party Complaint were caused in whole or in part, or were contributed to by the culpable conduct and want of care on the part of the third-party plaintiff or by someone over whom third-party defendant had no control and without any negligence or fault or want of care on the part of answering third-party defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWELFTH: In the event any co-defendants or other tortfeasors settle with the plaintiff, as a result of the damages alleged in this action or if the plaintiff discontinues against any co-defendants this answering defendant reserves its rights under GOL Section 15-108 and in general to prove any and all negligence on the part of said settling co-defendants and/or tortfeasors at a trial of this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTEENTH: Third-party plaintiff's alleged damages must be reduced to the extent by which third-party plaintiff failed to

mitigate those damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH: The answering defendant pleads that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason of such, the answering defendant's liability to the plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The answering third-party defendant fulfilled any duty owed to third-party plaintiff and owed no further duty, by reason of which third-party plaintiff's complaint against this third-party defendant must necessarily be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SIXTEENTH: The claims are subject to an exclusive mediation/arbitration clause.

WHEREFORE, said answering defendant demands judgment dismissing plaintiff's Complaint with costs.

DATED: April 14, 2006.

_____
Gregory J. Rodriguez, Esq.
Bar Roll #301842
THORN GERSHON TYMANN AND BONANNI, LLP
Attorneys for Third-Party Defendant
COREY L. MASSELLA
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, NY 12212-5054
(518) 464-6770

TO: WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP
    Attorneys for Defendants/
    Third-Party Plaintiffs
    EDWARD J. WELCH and KIMBERLY A.
    FAIRBANKS, as Personal Representative
    of the ESTATE OF GREGORY K. FAIRBANKS
    677 Broadway
    Albany, New York 12207

cc: GRANT & EISENHOFER, P.A.
    Attorneys for Plaintiffs
    SYNTEK CAPITAL, AG and
    SYNTEK CAPITAL BETEILIGUNGS GmbH
    Chase Manhattan Centre
    1201 N. Market, Suite 2100
    Wilmington, Delaware 19801

    CAPUDER FAZIO GIACOIA, LLP
    Attorneys for Third-Party Defendant
    Goldstein Golub Kessler, LLP
    90 Broad Street
    New York, New York 10004-2627